# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE CARTER, | & | |
| Plaintiff, | & | |
| | & | |
| vs. | & | CASE NO.: _____ |
| | & | |
| PIGGLY WIGGLY – PHENIX CITY, ALABAMA, L.L.C., | & | 7:17-cv-01356-LSC |
| Defendant, | & | |
| | & | |

## COMPLAINT

**I.  JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331(4), 2201 and 2202, the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq., and 42 U.S.C. 1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., and 42 U.S.C. 1981, and providing for injunctive and other relief against race discrimination and harassment in employment and the employment workplace.

[1]

The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 28 U.S.C. §§ 1331(4), 2201 and 2202.

The Plaintiff filed his race discrimination and harassment lawsuit within one hundred eighty (180) days of the discriminatory and retaliatory treatment ninety (90) days from receipt of his right-to-sue letter from the EEOC.

## II. PARTIES

2. Plaintiff, Dewayne Carter, is an African American, male citizen of the United States and resident of the State of Alabama, whose resident location at the time of the discrimination and filing of the EEOC charge was 2002 6th Avenue, Phenix City, AL 36867. The Plaintiff was employed by the Defendant at its, Phenix City, Lee and Russell Counties, Alabama location as a laborer/helper and was as such during the length of the racial discrimination, retaliation, wrongful termination, hostile work and environment. Defendant, Piggly Wiggly of Phenix City, hereinafter "Piggly Wiggly", is an entity doing business in the State of Alabama, more specifically, Lee and Russell Counties, Alabama and is an entity subject to suit under 42 U.S.C. §2000e et seq., 42 U.S.C. 1981, 28 U.S.C. §§ 1331(4), 2201 and 2202.

3. The Defendant employs at least fifteen (15) persons. The Defendant is an entity, which performs various duties of supermarket and grocery product sales and services through employees and sub units throughout the State of Alabama and more specifically, Lee and Russell Counties, Alabama.

## III. CAUSE OF ACTION

4. Plaintiff was employed by Defendant, Piggly Wiggly

[2]

during September 2016 - October 2016 as a laborer/helper. After being discriminated against by certain acts, including but not limited to, being verbally harassed to violate company policy and federal law of handling meat products without gloves and terminated, being discriminated against. Plaintiff continued to receive verbal instruction and harassment to violate company policy and federal law up and until his date of termination, because of his race and by other employees of the Defendant. Plaintiff was terminated from a job that had retirement attached as a longevity incentive, while other Caucasian American employees of the Defendant received no such treatment. No other Caucasian American employees of the Defendant were asked to work without gloves around meat products, and if were asked and did so, were in complete and total violation of company policy and federal law.

     5. The hostile work environment because of Plaintiff's race had been created by and with full knowledge of Defendant, Piggly Wiggly, through its management and employees, and caused Plaintiff to be constructively discharged as Plaintiff felt that it was impossible to work in the environment or was caused to work with such a burden not experienced by any of Plaintiff's Caucasian American co-workers, so similarly situated. Additionally, the Plaintiff now and continues to suffer a complete disruption of his household with the requirements placed on his employment by and with full knowledge of Defendant, Piggly Wiggly, through its management and employees.

    The Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, front pay plus interest, an injunctive and declaratory judgment is his only means of adequate relief and Plaintiff's only and exclusive remedy through law. The Plaintiff is now suffering and will continue to suffer irreparable

injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

IV. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by 42 U.S.C. §2000e et seq., and 42 U.S.C. 1981.
2. Grant Plaintiff a permanent injunction enjoining Defendant, Piggly Wiggly, its agents, successors, employees, attorneys and those acting in concert with the Defendant, Piggly Wiggly, and that the Defendant, Piggly Wiggly, refrain from continuing to violate 42 U.S.C. §2000e et seq., and 42 U.S.C. 1981.
3. Enter an order requiring Defendant, Piggly Wiggly, to make the Plaintiff whole by awarding him the position (s) he would have occupied in the absence of the race discrimination, constructive discharge, wrongful termination, and harassment, back-pay (plus interest), front-pay, punitive and compensatory damages, and/or nominal damages, declaratory and injunctive relief, and benefits.
4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney fees and expenses.

**JURY DEMAND**

Plaintiff demands trial by struck jury.

Dated this the 11th day of **August, 2017**.

/S/ *Al Jones* (ASB2403R80J)
Al Jones
Attorney at Law

**OF COUNSEL:**

The Law Offices of Attorney Al Jones

& Associates, P.C.

2626 7th Street

Tuscaloosa, AL 35401

Phone: (205) 345-0806

Email: Albiejonz@gmail.com