FILED

2018 Nov-20  AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 7:17-cv-01356-LSC |
| PIGGLY WIGGLY—PHENIX | ) | |
| CITY, ALABAMA, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF OPINION AND ORDER**

Before the Court is Defendant Piggly Wiggly – Phenix City, Alabama, L.L.C.'s ("Defendant") Motion to Dismiss For Failure to Comply with the Court's Discovery Order and Failure to Prosecute (Doc. 20). For the reasons stated below, Defendant's motion is GRANTED.

Plaintiff Dewayne Carter ("Carter") filed this case on August 11, 2017, alleging that he was subjected to race discrimination and retaliation by his employer Piggly Wiggly in violation of 42 U.S.C. §§ 1981 and 2000e, *et seq.* On June 27, 2018, Defendant filed a motion to compel Carter to respond to Defendant's First Set of Interrogatories and Requests for Production (Doc. 11.) On July 19, 2018, this Court ordered Carter to show cause as to why the Court should not dismiss this action for Carter's failure to take part in discovery. (Doc. 12.) Carter's attorney responded on July 27, 2018 that he

had been unable to locate his client and requested that the Court give him additional time to do so. (Doc. 13.) On July 30, 2018, the Court entered an order granting Carter's attorney an additional fourteen days to locate his client and participate in discovery. (Doc. 14.) The Court warned Carter's attorney that if he did not do so the Court would dismiss this action for failure to participate in discovery. (*See id.*)

On August 11, 2018, Carter's attorney notified the Court that he had located his client and that he was incarcerated in the Metro Davidson County Detention Center in Nashville, Tennessee (Doc. 15.). Carter's attorney stated that he was seeking visitation to comply with the Court's discovery order. (*See id.*) On August 22, 2018, the Court ordered Carter to completely respond to all pending discovery requests with fifteen days from the date of the Order. (Doc. 16.) The Court again stated that failure to comply with the Court's order would result in the dismissal of this action for failure to participate in discovery. (*See id.*) On September 19, 2018, Defendant's counsel notified the Court that although Carter had responded to some of the discovery requests that he had not fully responded to Defendant's interrogatories and failed to produce responsive documents to Defendant's requests for production. (Doc. 18.) On September 27, 2018, the Court entered an order stating that Carter had ten days to show cause as to why

the Court should not dismiss this action for failure to take part in discovery. (Doc. 19.) More than ten days have elapsed since the date of that order, and Carter has failed to respond to the Court's order or supplement his discovery responses.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to sanction a party who fails to obey its discovery orders. Fed. R. Civ. P. 37(2)(A). This includes the ability to dismiss "the action or proceeding in whole or in part." Fed. R. Civ. P. 37(2)(A)(v). Moreover, pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Court's inherent power to manage its docket also provides authority for dismissal of this case with prejudice. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

Here, the Court concludes that dismissal of this case is proper under both standards. Carter has failed to comply with the Court's order to show

cause as to why this case should not be dismissed for failure to fully respond to Defendant's discovery request. He was repeatedly warned that his failure to participate in discovery could lead to dismissal of this case. Moreover, Carter has yet to fully respond to Defendant's interrogatories and requests for production despite the discovery deadline having expired on October 11, 2018. Carter's failure to keep in touch with his attorney, fully respond to pending discovery requests after ordered to do so, and comply with the Court's orders evidences a clear pattern of delay and lack of interest in pursuing his claims. Therefore, Defendant's motion (doc. 20) is GRANTED, and this case is DISMISSED WITH PREJUDICE. Costs taxed to Carter.

**DONE** and **ORDERED** on November 20, 2018.

L. Scott Coogler
United States District Judge

194800